IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cv-22537-KMM

JESUS AGUIAR,

    Plaintiff,

vs.

WESTSIDE IRON, LLC;
and MARIA D. ESPINOSA,

    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 12). Plaintiff filed a Response (ECF No. 15). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.  BACKGROUND[1]**

Plaintiff, Jesus Aguiar, was employed as a welder by Defendant, Westside Iron, LLC, from approximately May 2008 through June 2010. Defendant Westside Iron, LLC is in the business of metal fabrication and installation. Defendant Maria D. Espinosa is one of the Managing Members of Westside Iron, LLC, and is responsible for the day-to-day operations of the business.

On July 14, 2011, Plaintiff filed a Complaint against Defendants. Plaintiff's Complaint alleges five counts: (1) failure to pay Plaintiff the required minimum wage of $7.25/hr in violation of the Fair Labor Standards Act against Westside Iron, LLC; (2) failure to pay Plaintiff

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1). All facts are construed in a light most favorable to Plaintiff.

1

overtime wages in violation of the Fair Labor Standards Act against Westside Iron, LLC; (3) retaliatory dismissal in violation of the Fair Labor Standards Act against Westside Iron, LLC; (4) failure to pay Plaintiff the required minimum wage of $7.25/hr in violation of the Fair Labor Standards Act against Maria D. Espinosa; and (5) failure to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act against Maria D. Espinosa.

Plaintiff alleges that, in addition to receiving pay lower than the minimum rate permitted by the Fair Labor Standards Act, (29 U.S.C. § 201 et seq.) ("FLSA" or "the Act"), Plaintiff was not compensated for work in excess of forty hours a week. Plaintiff also claims that he was fired by Defendants upon informing Defendants of his rights under the FLSA. Defendants now seek to dismiss Plaintiff's Complaint for lack of jurisdiction.

## II. STANDARD OF REVIEW

Unlike traditional motions to dismiss for lack of jurisdiction, which this Court would evaluate pursuant to Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss a claim for lack of jurisdiction brought under the FLSA is treated differently. This is because "the sections of the FLSA that provide the substantive relief . . . are intertwined with and dependent on the section of the FLSA that defines the scope of the FLSA." Turcios v. Delicias Hispanas Corp., 275 Fed. App'x 879, 882 (11th Cir. 2008). When a jurisdictional challenge implicates the merits of the underlying claim, "the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." Morrison v. Amway Corp., 323 F.3d 920, 925 (11th Cir. 2003). In such instances, the court is to resolve the issue in accordance with a Rule 56 summary judgment analysis and review of the evidence. Id. at 929–30. See also Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A., 104 F.3d 1256, 1258 (11th Cir. 1997).

Accordingly, summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Moreover, "A party must support its assertion that there is no genuine issue of material fact by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials.'" Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20, 2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

## III. ANALYSIS

Title 29 U.S.C. § 203(s)(1)(A) governs whether an enterprise is subject to the requirements of the FLSA. It requires that for enterprise coverage to apply, the enterprise must (1) have employees "engaged in commerce or in the production of goods for commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) have "not less than $500,000" in annual gross

sales or business transacted. Id. § 203(s)(1)(A). It is important to note that while the first prong is internally disjunctive, the two prongs taken together are conjunctive. Therefore, for enterprise coverage to apply, an enterprise must meet the requirements of both prongs.

Defendants argue that they are not subject to the enterprise coverage requirement of the FLSA. Defendants provide no extrinsic support for this claim. Defendants have merely filed a motion in which they claim that Defendant Westside Iron, LLC is a "small, family operated business managed and run by two individuals and generally one or two employees . . . and is reporting a loss in income to date." Defs' Mot. to Dismiss, at 2 (ECF No. 12). Defendants also claim that "Defendant is generally hired by third parties for installation purposes only and has never been employed to work outside of South Florida." Id. In response to Defendants' argument, Plaintiff provides an affidavit, which states that Defendant Westside Iron, LLC "on average employed 20 employees." Pl.'s Aff., at 2 (ECF No. 15-1). Plaintiff's Affidavit also states that through his employment with Defendant, he welded iron that was acquired from "outside distributors," and worked on several government construction projects funded by federal agencies, such as the U.S. Department of Housing and Urban Development ("HUD"). Id.

As the Record is devoid of any mitigating evidence provided by Defendants, evidence that the Defendants employed on average twenty people supports the inference that Defendants grossed "not less than $500,000." Defendants' claim that Westside Iron, LLC is reporting a loss of income is not *per se* incompatible with this finding as the FLSA is only concerned with "gross volume of sales made or business done," and not income net of expenses. See 29 U.S.C. § 203(s)(1)(A). Evidence that Plaintiff welded iron that was acquired from "outside distributors" supports the inference that Plaintiff handled, or otherwise worked on goods or materials that had been "moved in or produced for commerce by any person." Consequently, viewing the evidence

and all factual inferences therefrom in the light most favorable to Plaintiff as the non-moving party, this Court finds that there exists evidence—albeit the very minimum amount necessary—which raises an issue of genuine material fact with respect to whether or not Defendants are subject to the requirements of the FLSA.

### IV.  CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss for Lack of Jurisdiction (ECF No. 12) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of January, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record